UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>GEORGE WALTER FISETTE<br><br>517 KING STREET # 11<br>CHARLESTON, SC  29403<br><br><br>Debtor | CASE NO:  10-05566-JW<br><br>(CHAPTER 13)<br><br><br>**OBJECTION TO PLAN FILED ON<br>AUGUST 31, 2010** |

     The Chapter 13 Trustee hereby formally objects to the Debtor's plan, filed August 31, 2010, and any other subsequently filed plans which do not meet the standards as indicated below. This objection should be considered to supplement any previously stated and written informal objection. Trustee objects on the grounds that the plan fails to meet the requirements of the code, as follows:

     The plan contains nonconforming plan language to which the trustee objects:  debtor appears to attempt to value property in the terms of the plan, without specifity as to payments and over a term of 30 years with a balloon.

     The plan does not meet disposable income requirements because debtor proposes to keep his residence, with modification of the mortgage as above, as a single debtor, paying for a house with significantly negative equity, and with an expense that is $1879 (proposed, as above) per month, while the IRS guidelines indicate that a single person in Charleston county should have reasonable expenses of only $826 per month.  Debtor seeks approval for this housing cost despite filing a plan, 4 weeks after filing his case, which is not sufficiently funded to pay even his priority (including a scheduled DSO claim of $7,500) and secured debt – the plan provides insufficient funding to pay any general unsecured claims.

     The plan fails to meet feasibility standards because it appears that the majority of debtor's income is anticipated, without indication as to the basis for the projected increase to almost 3 times the amount he earned during the 6 month lookback period, with the Statement of Financial Affairs showing absolutely NO Income for the two years prior to filing, which would include the 6 month lookback period.  Debtor has failed to make the first payment to the Trustee due on Sept 2, and his second payment will be due before the hearing on confirmation.

    Trustee therefore requests that confirmation of the plan be denied. Trustee is informed and believes that this debtor has had sufficient opportunity to propose a plan which meets the requirements of the code, but has failed to do so; therefore, unless an amended plan which meets the requirements as above, and any supporting amended schedules showing that the plan payment is affordable, are filed in time for the Trustee to review prior to the hearing on confirmation, the Trustee intends to request an order dismissing the case, pursuant to §1307(c)(5).

    WHEREFORE, the Trustee prays that the Court deny confirmation of the plan.

Dated: September 24, 2010

/s/ James M. Wyman
James M. Wyman
Chapter 13 Trustee

---

### CERTIFICATE OF SERVICE

I did this date serve the attached document(s) on the parties listed below by placing the same in the United States mail with proper postage affixed thereto and addressed as follows:

GEORGE WALTER FISETTE
517 KING STREET # 11
CHARLESTON, SC  29403

D NATHAN DAVIS ESQ
711-A  ST ANDREWS BLVD
CHARLESTON, SC  29407

Date: September 24, 2010

/s/ Heather Crall
Heather Crall
Chapter 13 Trustee