UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-05566-dd |
| | ) | |
| George Fisette | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |

**OBJECTION TO MOTION TO MODIFY STAY AND MEMORANDUM**

Section 362(d) of Title 11 of the United States Code provides as follows:

> On request of a party in interest and after notice and a hearing the Court shall grant relief from the Stay provided under subsection (a) of this Section, such as by terminating, annulling, modifying or conditioning such stay-for cause including lack of adequate protection and if the debtors do not have equity in such property and such property is not necessary to an effective reorganization for the debtors.

The debtor's Chapter 13 Bankruptcy was converted to a Chapter 11 Bankruptcy on November 4, 2010. The debtor has filed a motion to value the real property located at 43 Mary Street, Charleston SC in Charleston County, TMS#459-09-03-122. The debtor intends to value the mortgage with JP Morgan Chase Bank and pay the debt over a period of months in his Chapter 11 plan. The debtor and creditor disagree on the value of the property, but, no request has been made by the creditor to provide adequate protection for any amount.  Creditor has demanded a payment based on the total amount claimed by the creditor.   Debtor is willing and able to begin making a payment that provides adequate protection if the creditor will agree to a reasonable value.

There has been no default in payments as the creditor has been demanding all or nothing in its correspondence to the debtor.  No contact with debtor's attorney regarding an adequate protection payment has been attempted.  The issue of a value of the property is now set for a hearing and debtor will be ready to make adequate protection payments as directed by the Court until a plan of reorganization is filed and approved.

The debtor asks the court to maintain the integrity of the automatic stay in this case.  The creditor's good faith in the filing of this motion must be questioned as there is pending a motion to value the property for which the same attorney for the creditor has responded.  Debtor has made the property available for inspection and creditor's agent has inspected the property.  No attempt to delay such an inspection has been made by the debtor.

The filing of this motion is just an attempt by this creditor to run up legal expenses, appear to be doing more than it has been doing and to generally try and look to this Court as if it is an aggrieved creditor.  In fact, the property is in need of repairs and debtor has had a long and hard legal fight with this creditor and its predecessor in interest over improperly applied payments and other issues which do not need to be relitigated as a part of this motion.

Debtor filed a motion to value the property within 6 days of the order of conversion being entered in this matter.  Any delay in determining the value of the property and/or adequate protection lies with the creditor and not the debtor.

For the forgoing reasons; the debtors, have been informed and believe that the motion for relief from the stay should be denied.

Respectfully Submitted,

Charleston, SC

December 30, 2010

/s/ D. Nathan Davis
D. Nathan Davis
Attorney for Debtor
711-A St. Andrews Blvd.
Charleston SC 29407
(843) 571-4042
District Court ID No. 438

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-05566-dd |
| | ) | |
| George Fisette | ) | CERTIFICATION OF FACTS |
| | ) | |
| Debtor | ) | |

   In the above-entitled proceeding, in which relief is sought from the automatic stay in accordance with 11 U.S.C. Section 362, I do hereby certify to the best of knowledge the following:

1. <u>Nature of Movant's Interest:</u>
Secured lien holder.

2. <u>Brief Description of Security Interest, copy attached (if applicable)</u>
Note and mortgage attached to movant's motion.

3. <u>Description of Property Encumbered by Stay (Include serial number, lot and block number, etc.)</u>
House and lot as more fully described in the movant's motion.

4. <u>Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of estate, etc; include applicable subsection of Section 362):</u>
None

5. <u>Prior adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc. if applicable):</u>
None

6. Valuation of Property, copy of valuation attached (Appraisal, Blue Book, etc.)

| | |
|---|---|
| Fair Market Value | $ 350,000.00 |
| Liens (Mortgages) | $ 626,507.87 (Payoff from Creditor) |
| Debtor's Exemption | $ N/A |
| Net Equity | $ -300,507.87 |

7. <u>Amount of debtor's estimated equity (using figures from paragraph 6, supra).</u>
None

8. <u>Month and year in which first direct post-petition payment came due to movant (if applicable)</u>
N/A

9. (a) <u>For movant/lienholder (if applicable): List or attach a list of all post-petition payments received directly form the debtor(s), clearly showing date received, amount and month and year for which each such payment was applied.</u>

   (b) <u>For objecting party (if applicable): List or attach a list of all post-petition payments included in the movant's list from above which objecting party disputes as having been made. Attach written proof of such payment(s) ora statement as to why such proof is not available at the time of filing this objection.</u>
The debtor intends to value the mortgage owed to JP Morgan Chase Bank and pay the debt through the Chapter 11 plan of reorganization.

10.    <u>Month and year for which post-petition account of debtor(s) is due as of the date of this motion:</u>
N/A, the debtor will begin making an adequate protection payment once the amount is established by the Court or worked out by agreement of the parties.

| | |
|---|---|
| Charleston, SC | /s/ D. Nathan Davis |
| | D. Nathan Davis |
| <u>December 30, 2010</u> | Attorney for Debtor |
| | 711-A St. Andrews Blvd. |
| | Charleston SC 29407 |

(843) 571-4042
District Court ID No. 438

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-05566-dd |
| | ) | |
| George Fisette | ) | CERTIFICATE OF SERVICE |
| | ) | BY MAIL |
| | ) | |
| | ) | |
| Debtor | ) | |

      I hereby certify that a copy of the within objection to 362 motion, certification of facts, and certificate of service, was duly served upon the parties below named, by depositing said papers in the United States Mail at Charleston, South Carolina or, electronically only in the event a party in interest has requested to be served by electronic service without service by mail also, on this date, with first class postage duly affixed and a return address clearly indicated on said envelope to the address below indicated.

George Fisette (Electronic Service)
517 King Street #11
Charleston SC 29403

Rogers, Townsend, & Thomas
Mary R. Powers, Attorney for JP Morgan Chase
PO Box 100200
Columbia SC 29202

U.S. Trustee's Office (Electronic Service)
Strom Thurmond Federal Building
1835 Assembly St., Ste 953
Columbia SC 29201


Charleston, SC                                  /s/ D. Nathan Davis
                                                        D. Nathan Davis
December 30, 2010                        Attorney for Debtor
                                                        711-A St. Andrews Blvd
                                                        Charleston SC 29407
                                                        (843) 571-4042
                                                        District Court ID No. 438