**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

|  |  |  |
|---|---|---|
| In re George Walter Fisette | ) | Case Number: 10-05566-dd |
|  | ) |  |
|  | ) | Small Business Case under Chapter 11 |

**GEORGE WALTER FISETTE'S PLAN OF REORGANIZATION**
**DATED FEBRUARY 1, 2011**

**ARTICLE 1**
**SUMMARY**

      This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of (the "Debtor") from the earnings of the debtor.

      This Plan provides for 2 classes of secured claims, 2 classes of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately five (5) cents on the dollar. This Plan also provides for the payment of administrative and priority claims as approved by the Court.

      All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights might be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

    2.01    <u>Class 1</u>.    All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

    2.02    <u>Class 2</u>.A    The secured claim of JP Morgan Chase Bank, National, to the extent allowed as a secured claim under § 506 of the Code and pursuant to the settlement order to be approved by this Court.

                <u>Class 2</u>.B    The entire claim of Chase Auto Finance, to the extent allowed as a secured claim under § 506 of the Code.

    2.03    <u>Class 2.C</u>.    All unsecured claims allowed under § 502 of the Code except the deficiency claim of JP Morgan Chase Bank, NA.

    2.04    <u>Class 2.D</u>.    Balance of claim of JP Morgan Chase Bank, NA

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

    3.01  <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

    3.02  <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

    3.03  <u>Priority Tax Claims</u>.  NONE.

    3.04  <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C §1903(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

    4.01  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | None | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2a. - Secured Claim of JP Morgan Chase Bank | Yes | Mortgage will be valued in the debtor's Chapter 11 plan at $350,000.00. The debtor will pay $1,933.00 per month for a period of 8 years to the creditor with an interest rate of 5.25%. After 8 years, all remaining amounts will be owed in full in one lump payment unless parties agree to re-amortize loan which must be consensual. |
| Class 2b. Secured Claim of Chase Auto Finance | Yes | Debtor will pay $234.84 for a period of 60 months with an interest rate of 5.25% until the balance of $12,368.89 is paid in full. |
| Class 3 - General Unsecured Creditors  See attached list | Yes | Unsecured creditors will receive 0.05 of their total claimed amount. See attached Unsecured payout list for a breakdown of the debtor's payment schedule. |
| Class 4 - Unsecured claim balance of claim of JP Morgan-Chase Bank | Yes | Will receive 0.05 of balance of deficiency claim. Deficiency balance estimated at $251,141.01 x 0.05= $12,557.05 \ 72 months= $174.40 |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (I) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable Order.

5.03  Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtor assumes the following executory contracts and/or unexpired leases:
None

(b)   The Debtor will be conclusively deemed to have rejected all contracts and/or unexpired leases not expressly assumed under Section 6.01(a) above, or before the date of the order confirming this Plan, upon the Effective date of plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01   Debtor will implement this plan by payment of monies earned from his present and future income earning activities. The debtor will begin making the payments set forth in the plan to secured and unsecured creditors on the 15th of the month that comes due at least 11 days after confirmation of this plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01  Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02  Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03  Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

8.04  Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05  Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06  Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of South Carolina govern this Plan and any agreements, documents, and instructions executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01    Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge upon completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X
## OTHER PROVISIONS
### NONE

Respectfully Submitted,

February 1, 2011

By: /s/ George Walter Fisette
George Walter Fisette
The Plan Proponent

By:  /s/ D. Nathan Davis
D. Nathan/s/ D. Nathan Davis
Davis Law SC
711-A St. Andrews Blvd.
Charleston, SC 29407
843-571-4042   Office
888-821-9554   Facsimile
Nathan@davislawsc.com
Attorney for Debtor

George Fisette
Unsecured Creditor Payout List
Case No. 10-05566-jw

| Creditor | Address to send payment | Amount | 5% | Payment to Creditor x 72 months | Notes |
|---|---|---|---|---|---|
| Afni | PO Box 3517 Bloomington IL 61702 | $141.38 | $7.07 | $0.10 | Disputed? |
| Allied Interstate, Inc. | PO Box 361774 Columbus OH 43236 | $483.54 | $24.18 | $0.34 | Disputed? |
| Baker Hostetler | PO Box 70189 Cleveland OH 44190-0189 | $1,294.00 | $64.70 | $0.90 | |
| Bankcard Services | PO Box 23065 Columbus GA 31902 | $1,069.35 | $53.47 | $0.74 | Disputed |
| Buist Byars & Taylor, LLC | 652 Coleman Blvd., Ste. 200 Mt. Pleasant SC 29464 | $2,454.62 | $122.73 | $1.70 | |
| CAB Collection Agency | PO Box 62889 N. Charleston SC 29419 | $130.00 | $6.50 | $0.09 | Disputed |
| Cablevision | PO Box 371378 Pittsburgh PA 15250-7378 | $55.66 | $2.79 | $0.04 | |
| Capital One Services | PO Box 790217 St. Louis MO 53179-0217 | $1,856.86 | $92.84 | $1.29 | Disputed |
| CBCS | PO Box 163250 Columbus OH 43216-3250 | $121.26 | $6.06 | $0.08 | Disputed |

| | | | | | |
|---|---|---|---|---|---|
| CBHV | PO Box 3495 Toledo OH 43607 | $223.35 | $11.17 | $0.16 | |
| Charleston Water Systems | PO Box 568 Charleston SC 29402 | $494.43 | $24.72 | $0.34 | |
| CitiFinancial | PO Box 8020 S. Hackensack NJ 07606-8020 | $11,799.81 | $589.99 | $8.19 | Disputed |
| Comcast Cable | PO Box 105184 Atlanta GA 30348-5184 | $570.46 | $28.52 | $0.40 | |
| Con Edison | PO Box 1702 New York, NY 10116-1702 | $1,033.16 | $51.66 | $0.72 | Disputed |
| Contract Callers, Inc. | PO Box 21209 Augusta GA 30917-2609 | $843.00 | $42.15 | $0.59 | Disputed |
| Dish Network | PO Box 105169 Atlanta GA 30348-5169 | $171.89 | $8.60 | $0.12 | Disputed |
| Encore Receivables Management | PO Box 3330 Olathe KS 66063 | $867.67 | $43.38 | $0.60 | Disputed |
| Farer & Schwartz, PC | 12 Century Hill Drive, Latham NY 12110 | $2,534.59 | $126.73 | $1.76 | |
| Felix Endico | 444 E. 86th St. New York, NY 10028 | $2,020.00 | $101.00 | $1.40 | Disputed |
| First Premier Bank | PO Box 5519 Sioux Falls SD 57117-5519 | $540.99 | $27.05 | $0.38 | Disputed |
| Greg Winton | 39 Southwait Bridge Way Lutherville MD 21093 | $5,000.00 | $250.00 | $3.43 | Creditor has agreed to forgive debt. |

| Jeniffer Heitzke | 15 Shadowood Circle Monroe CT 06468 | $16,500.00 | $825.00 | $11.46 | Creditor has agreed to forgive debt. |
|---|---|---|---|---|---|
| Judith Rickman | 19 Glendale Avenue Albany NY 12208 | $125,000.00 | $6,250.00 | $86.80 | Creditor has agreed to forgive debt. |
| Kent Zhang | 857 Madison Street, 1st Floor Brooklyn NY 11221 | $4,250.00 | $212.50 | $2.95 | Lease Deficiency |
| Matt O'Brian | 857 Madison St., 2nd Floor Brooklyn NY 11221 | $750.00 | $37.50 | $0.52 | Creditor has agreed to forgive debt. |
| MRS Associates | 3 Executive Campus Cherry Hill NJ 08002 | $665.01 | $33.25 | $0.46 | Disputed |
| National Grid | PO Box 20690 Brooklyn NY 11202-9965 | $29,809.24 | $1,490.46 | $20.70 | Disputed |
| NCO Financial Systems, Inc. | PO Box 17080 Wilmington DE 19850-7080 | $1,959.42 | $97.97 | $1.36 | Disputed |
| NCO Financial Systems, Inc. | PO Box 510950 New Berlin, WI 63151-0950 | $52.60 | $2.63 | $0.04 | Disputed |
| Nextel | PO Box 4192 Carol Stream IL 60197-4192 | $514.70 | $25.74 | $0.36 | Disputed |
| Northland Group | PO Box 390846 Minneapolis MN 55439 | $1,622.64 | $81.13 | $1.13 | Disputed |
| Receivable Management Services | PO Box 509 Richfield OH 44286 | $451.07 | $22.55 | $0.31 | Disputed |

| | | | | | |
|---|---|---|---|---|---|
| RMS | 4836 Brecksville Rd. P.O. Box 523 Richfield OH 44286 | $451.07 | $22.55 | $0.31 | |
| SCE&G | PO Box 10255 Columbia SC 29202-3255 | $534.12 | 26.70 | $0.37 | |
| SunCom Wireless PO Box 190028 Charleston SC 29419 | PO Box 190028 Charleston SC 29419 | $1,735.67 | $86.78 | $1.20 | Disputed |
| University Medical Associates | 1 Poston Rd, Ste 350 Charleston SC 29407-3431 | $413.00 | $20.65 | $0.28 | |
| Verizon | PO Box 1100 Albany NY 12250 | $169.11 | $8.46 | $0.12 | Disputed |
| Verizon Wireless | PO Box 15041 Worchester MA 01615-0041 | $3,508.31 | $175.42 | $2.44 | Disputed |
| Welch, Roberts, & Amburn | 157 E. Bay St. Charleston SC 29401 | $5,981.00 | $299.05 | $4.15 | |
| Wendi Freeman, LLC | 1040 E Wall St Mt. Pleasant SC 29464-3046 | $2,888.94 | $144.45 | $2.01 | |
| JP Morgan Chase | x | $251,141.01 | $12,557.05 | 174.40 | |
| | | | | | |
| Total Monthly Payment * | | | | $334.74 | |
| | | | | | |